Scoeibld, J.,
delivered the opinion of the court:
These two cases were tried and submitted together. The findings of fact and questions of law arising thereon are in all respects alike.
Some.time prior to July 1,1879, the two claimants were duly appointed and commissioned as deputy collectors of the second district of New York. Under these commissions, during the following months of July and August, they continued to per *53 form the duties of deputies. The collector, however, neglected to report their names to the Commissioner, and at that time no allowance for salary was made. September 1,1879, on proper application, an allowance for future salary being made, their names were placed upon the Commissioner’s roll, and from that time forward their salaries were regularly paid. No notice was then taken of their services during July and August. But January 31, 1881, the attention of the Secretary being called .to the subject by the Commissioner, an allowance of salary for each claimant, at the rate of $1,500 per year for the two months theretofore omitted, was made. To recover these allowances these suits are brought.
The authority under which the Secretary acted in making these allowances is contained in section 12 of the Act of Congress of March 1, 1879 (20 Stat. L., 329), and is in these words:
“ Each-collector of internal revenue shall be authorized to appoint, by an instrument in writing-under his hand, as many deputies as he may think proper, to be compensated for their services by such allowances as shall be made by the Secretary of the Treasury, upon the recommendation of the Commissioner of Internal Revenue. Allowances shall also be made in like manner for salary and office expenses of collectors, all of which shall be in lieu of the salary and commissions heretofore provided by law.”
It is not denied that the Secretary is herein clothed with abundant power to make an allowance, nor that his action, unimpeached for fraud or mistake, is binding alike upon the defendants and the courts. Nor is it alleged that if the decision were subject to revision any of the facts and conditions necessary to its justification would be found wanting.- The deputies were duly appointed, faithfully performed their duties, and the allowance was recommended by the Commissioner. But it is said that this power, however clearly given, can only be exercised within the current fiscal year, and therefore an allowance made January 31,1881, for services performed in 1879, is without authority and void. The statute itself contains no such limitation, nor can any such inference be drawn ffom its phraseology. No law nor decision pointing to such a conclusion, so-tar as the salary of deputies is concerned, has been cited.
Unless the proviso to section 13 applies to the provisions of section 12, the Secretary’s authority to make allowances does. *54 not appear to have any positive limit in time. That proviso reads as follows:
“Provided, That the Secretary of the Treasury, on the recommendation of the Commissioner of Internal Eevenue, be authorized to make such further allowances from time to time as may be reasonable in cases in which, from the territorial extent of the district or from the amount of internal duties collected, it may seem just to make such allowances, but no such allowance shall be made if more than one year Iras elapsed since the close of the fiscal year in which the services were rendered.”
To what allowances hitherto made by the Commissioner and Secretary does this important proviso authorize them to make additions? Certainly they are not mentioned in the foregoing portion of the section. Therein payments are directed t > be made to collectors for stationery, blank books, advertising, and postage, when vouchers therefor itemized and sworn to uare rendered to and approved by the proper officers of the Treasury.” Of course that means the accounting officers. It was so understood in the Treasury Department at the first, and the practice has-ever since followed that construction. ' It has the sanction of the present First Comptroller, as- well as his immediate predecessor. None of the collector’s bills for stationery, blank books, advertising, and postage are sent to the Secretary for approval, while every other item of expense in the collector’s office, however small, is first sent to the Secretary for allowance.
No torture of language can make this proviso apply to anything contained in section 13. That section provides for the allowance and payment of four comparatively small bills by the accounting officers; the proviso to large allowances made by the Secretary, upon the recommendation of the Commissioner. The proviso must therefore be regarded as independent legislation, applicable only to the provisions of section 12. It has been suggested that even then it would relate to allowances for collectors only, not to deputies. There is nothing in its language or context to thus limit its application. It applies with much greater reason to allowances for deputies. These allowances are much the largest, and considering the “extent of territorjr” and the “amount of collections” as the proviso requires, the additional service, capacity, and labor needed would be derived mostly from deputies.
If this construction of the law is sustained, the Secretary’s authority to make these allowances is derived from section 12, *55 enlarged, but limited as to time, by the proviso to section-13 ; otherwise it is derived from section 12 without limit as to time.' The allowances in controversy were made in less than one year after the close of the current fiscal year, so that in either case the cláimants are entitled to recover.
In the case of Edward R. Ryan v. The United States, the judgment of the courtis that the claimant recover of the defendants the sum of $252.72.
In the case of Wood D. London v. The United States, the judgment of the court is that the claimant recover of the defendants the sum of $252.72.